UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PATRICIA HUBER,

                              Plaintiff,

v.                                              Civil Action No.

EVANS LAW ASSOCIATES, PC

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Patricia Huber, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, Evans Law Associates, PC (hereinafter "Evans") is a domestic professional corporation organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendants regularly attempt to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a debt to the Chase/Washington Mutual. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That upon information and belief Defendant was employed by Chase/Washington Mutual to collect on the subject debt.

12. That in or about August of 2011, Defendant filed a complaint in Buffalo City Court against Plaintiff, in an attempt to collect on the subject debt.

13. That when the above action was commenced in Buffalo City Court by Defendant, Plaintiff resided at 10 Willow Ridge Lane, Lancaster, New York 14086.

14. That Defendant's filing of the action to collect on the subject debt against Plaintiff in the City of Buffalo was an improper venue. The proper venue for the commencement of a legal action to collect a debt against a consumer is the location where the contract was signed or where the consumer resides. The contract was not signed in the City of Buffalo nor did the consumer reside in the City of Buffalo.

15. That N.Y. Uniform City Court Act §213 states that in money actions, either the Defendant or the Plaintiff must be a resident of the city in which the action was commenced or reside in a town contiguous to that city.

16. That since the Plaintiff neither resides in the City of Buffalo nor does she reside in a town contiguous to the City Court of Buffalo, the lawsuit was improper as City Court of Buffalo never obtained personal jurisdiction over the Plaintiff.

17. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

18. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 17 above.

19. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendants violated 15 U.S.C. §1692i(a)(2) by failing to bring the legal action on the subject debt in the judicial district Plaintiff resided at the time of commencement of the action nor where the contract was signed.

    B. Defendants violated 15 U.S.C. §1692e(5) by filing a lawsuit in the City Court of Buffalo when Plaintiff does not reside in said city nor in a town contagious and therefore said court never obtained personal jurisdiction over Plaintiff.

20. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

  (a) Actual damages;

  (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

  (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

  (d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: September 6, 2011

        /s/ Seth Andrews_____
        Kenneth R. Hiller, Esq.
        Seth Andrews, Esq.
        Law Offices of Kenneth Hiller, PLLC
        *Attorneys for the Plaintiff*
        6000 North Bailey Ave., Suite 1A
        Amherst, NY 14226
        (716) 564-3288
        Email: khiller@kennethhiller.com
            sandrews@kennethhiller.com